1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   J & J SPORTS PRODUCTIONS, INC.,

11            Plaintiff,                        No. 2:10-cv-03009 KJM KJN PS

12        v.

13   ARMANDO RIOS TORRES,
     INDIVIDUALLY and d/b/a CAVOUR
14   CLUB,

15            Defendant.                        ORDER

16   _____/

17            Presently before the court is defendant's "Motion to Quash Service and Dismiss

18   the Complaint," filed on March 9, 2011.[1]  (Dkt. No. 17.)  Because oral argument would not

19   materially aid the resolution of the pending motion, this matter is submitted on the briefs and

20   record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  The

21   undersigned has fully considered the parties' submissions and appropriate portions of the record

22   in this case and, for the reasons that follow, denies defendant's Motion to Quash Service and

23   Dismiss the Complaint.

24   ////

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.    BACKGROUND

On November 9, 2010, plaintiff filed its complaint, which alleges that defendant is liable for violations of 47 U.S.C. §§ 553, 605; California Business and Professions Code § 17200; and the tort of conversion under California law.  (See generally Compl., Dkt. No. 1.) All of plaintiff's claims arise from defendant's alleged unlawful or unauthorized interception and broadcast of a closed-circuit feed of a boxing match called "*'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program*," to which plaintiff allegedly held the exclusive commercial domestic distribution rights.  (See id. ¶¶ 3, 9, 12, 19-20, 24, 30.) Defendant is alleged to be the owner, operator, licensee, permitee, or person in charge of a commercial establishment called the "Cavour Club," where the alleged interception and broadcast occurred.  (Id. ¶ 7.)  Plaintiff alleges that the Cavour Club is located at "302 South Union Street, Stockton, California 95205."  (Id.)

On December 9, 2010, plaintiff filed a proof of service form[2] completed and signed under penalty of perjury by "L. Simmons,"[3] who appears to be a process server with Absolute Service of Los Angeles.  (See Proof of Serv., Dkt. No. 5.)  That proof of service states that Ms. Simmons served the summons, complaint, civil cover sheet, certification of interested parties, and order requiring joint status report on "Armando Rios Torres, Individually and DBA Cavour Club."  (Id.)  The proof of service declares that Ms. Simmons served defendant at the following address: 302 South Union Street, Stockton, California 95205.  (Id.)  Although the proof of service declares that plaintiff's process server served defendant, it also contains a boilerplate statement that personal service was effectuated by personal delivery of the documents "to the party or person authorized to receive service of process for the party."  (Id.)  As the form

---

[2]  The proof of service consists of a completed form POS-010, a form prepared by the California Judicial Council.

[3]  Based on the signature on the proof of service form, L. Simmons's full name appears to be Laura L. Simmons.

does not clarify this comment, and only states that service was completed "Pursuant To Federal Rules of Civil Procedure," it is not entirely clear from the proof of service who Ms. Simmons actually served with process.  (Id.)

On December 29, 2010, defendant filed an answer to plaintiff's complaint, wherein he admits that he is the owner of the Cavour Club.  (Answer ¶ 7, Dkt. No. 6.)  Although defendant's answer includes a section entitled "Defendant's Affirmative Defense," the answer does not actually plead any defenses or affirmative defenses.  (Answer at 5-6.)

Despite having already filed an answer, defendant filed his Motion To Quash Service and Dismiss the Complaint on January 13, 2011.  (Dkt. No. 9.)  Defendant was directed to re-notice his motion because it was defectively noticed.  (Minute Order, Jan. 18, 2011, Dkt. No. 10.)  On February 2, 2011, defendant filed another Motion To Quash Service and Dismiss the Complaint.  (Dkt. No. 14.)  Again, however, defendant's motion was defectively noticed, and the court ordered defendant to re-notice his motion.  (Minute Order, Feb. 3, 2011, Dkt. No. 15.) Finally, on March 9, 2011, defendant filed the pending motion to quash and dismiss.

Plaintiff filed three written oppositions in response to defendant's three motions, and incorporates those oppositions by reference.  (Dkt. Nos. 13, 16, 18.)  Although the undersigned does not prefer this manner of incorporation by reference, plaintiff's written oppositions have been considered in resolving defendant's motion.

Notably, plaintiff's counsel submitted a declaration under penalty of perjury, which appends two relevant service-related documents.  (Riley Decl. & Exs. 1-2, Dkt. No. 13, Doc. No. 13-1.)  First, plaintiff submitted an "Affidavit of Reasonable Diligence" signed under penalty of perjury by Laura Lee Simmons ("Simmons Affidavit"), which substantiates in narrative form that she personally served defendant with process at 302 South Union Street in Stockton, California, and that the papers served pertained to the matter of J & J Sports Productions, Inc. v. Armando Rios Torres, No. 2:10-cv-3009 JAM KJN.  (See Riley Decl., Ex. 1.)  Second, plaintiff submitted an "Affidavit of Reasonable Diligence" signed under penalty

1   of perjury by Ms. Simmons, which relates to the service of process in the matter of <u>J & J Sports</u>

2   <u>Productions, Inc. v. Dulce Torres</u>, No. 2:10-cv-3012 JAM KJM.[4]  (<u>See</u> Riley Decl., Ex. 2.)  The

3   latter action names Dulce Torres, individually and doing business as "El Malecon Bar & Grill."

4   (<u>Id.</u>)

5   II.     <u>DISCUSSION</u>

6              Defendant brings his Motion to Quash Service and Dismiss the Complaint

7   pursuant to Federal Rule of Civil Procedure 12(b)(4), for insufficient process, and Rule 12(b)(5),

8   for insufficient service of process.  Defendant argues that despite the information attested to in

9   the proof of service on file with the court, plaintiff actually served defendant at an incorrect

10  address.  He contends that although the business address for Cavour Club is 302 South Union

11  Street in Stockton, California, plaintiff's process server actually served an employee of a

12  restaurant called "Bar & Grill 'El Malecon,'" located at 2518 East Fremont Street in Stockton,

13  California.  (Def.'s Memo. of P. & A. In Supp. of Mot. to Quash & Dismiss ("Def.'s Memo.") at

14  2-3, Dkt. No. 17.)  He further represents that the employee of the El Malecon business, who is a

15  stranger to defendant, later delivered the summons and complaint to defendant at a Denny's

16  Restaurant in Stockton, California.  (<u>Id.</u> at 3.)  Defendant submitted a letter from Karen Cortez,

17  which is not sworn or signed under penalty of perjury, which states that Karen Cortez's mother,

18  Veronica Cortez, was an employee at Bar and Grill "El Malecon" and was served with process in

19  this case.  (Mot. to Quash & Dismiss, Ex. 1.)  Karen Cortez's letter further states she contacted

20  defendant by telephone and subsequently delivered the documents to defendant at a Denny's

21  Restaurant on December 9, 2010.[5]  (<u>Id.</u>)  In sum, defendant argues that despite plaintiff's proof of

22  service, plaintiff served defendant at an incorrect address and by substituted service on a person

23

24         [4]  This matter now proceeds under the case number 2:10-cv-03012 JAM EFB PS (TEMP).

25         [5]  Defendant also filed a letter from Rodolfo Torres Castro that purports to address the issue
    of service of process at an incorrect address.  (Mot. to Quash & Dismiss, Ex. 1.)  However, it is
26  entirely unclear from this letter who Mr. Castro is and what relationship he bears to this case.

who was a stranger to defendant.  (Id. at 4 (stating that the summons in this case was "directed to the wrong, [sic] Business, wrong individuals and wrong address [sic] stranger to Defendant.")

Plaintiff counters with several arguments, which are well-taken.  Each is addressed below.

A. <u>Defendant Waived His Right to Challenge the Sufficiency of Process and the Sufficiency of Service of Process</u>

Plaintiff persuasively argues that defendant waived his right to assert defenses under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) by filing an answer that does not contain such defenses.

Federal Rule of Civil Procedure 12(b) permits a party to assert certain defenses by motion prior to the filing of a responsive pleading such as an answer.  Among these defenses are challenges to the sufficiency of process and the sufficiency of service of process, which may be asserted pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), respectively.  However, Rule 12(b) also provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Furthermore, Rule 12(h)(1) provides, as relevant here:

**(h) Waiving and Preserving Certain Defenses.**

  **(1) *When Some Are Waived*.**  A party waives any defense listed in Rule 12(b)(2)-(5) by:

    **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or

    **(B)** failing to either:

      **(i)** make it by motion under this rule; or

      **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

1   Fed. R. Civ. P. 12(h)(1).[6]

2          Here, defendant filed an answer prior to filing his motion to quash and dismiss

3   pursuant to Rules 12(b)(4) and 12(b)(5).  Defendant's answer raises no defenses or affirmative

4   defenses, such as insufficient process and insufficient service of process.  (See Answer at 5-6.)

5   Moreover, defendant did not amend his answer as a matter of course pursuant to Federal Rule of

6   Civil Procedure 15(a)(1), which requires that such amendment occur within 21 days of service of

7   the original pleading.  Accordingly, because defendant did not raise the defenses of insufficient

8   process and insufficient service of process in his responsive pleading, which was filed before the

9   Rule 12 motion, he has waived those defenses.  Accordingly, defendant's motion to quash

10  service and dismiss the complaint is denied.  See, cf., Chi v. Allstate Inc. Co., No. C08-855MJP,

11  2009 WL 2473512, at *2 (W.D. Wash. Aug. 6, 2009) (unpublished) (concluding that defendant

12  waived its defense of insufficient service of process when it raised the defense for the first time

13  in a motion for summary judgment filed after it filed an answer to the complaint).

14          B.     Defendant's Challenge to the Sufficiency of Process Lacks Merit

15          Even if the court concluded that defendant did not waive his right to challenge the

16  sufficiency of process and the sufficiency of service of process, defendant's arguments fail on the

17  merits.  Defendant's argument that the summons was somehow defective, and thus service of

18  process should be quashed, can be disposed of rather briefly.

19          A motion brought pursuant to Rule 12(b)(4) challenges the form of process itself,

20  rather than the service of process, the latter of which is addressed by Rule 12(b)(5).  See, e.g.,

21  Cox v. County of Yuba, No. 2:09-cv-01894-MCE-JFM, at *4 (E.D. Cal. Feb. 10, 2011)

22  (unpublished) ("Rule 12(b)(4) allows a defendant to move to dismiss a complaint for defects in

23  the form of summons, referred to as insufficient process.") (citing McKinney v. Law Office of

24  James Duncan, No. CV 09-2605 NJV, 2010 WL 668027, at *2 (N.D. Cal. Feb. 19, 2010)

25

26          [6] Rule 12(g)(2), addressing limitations on successive Rule 12 motions, is not material to the
    resolution of the pending motion.

                                              6

1   (unpublished)); <u>see also</u> James Wm. Moore, 2 <u>Moore's Federal Practice</u> § 12.33[3] (Matthew

2   Bender 3d ed. 2010) ("Moving for dismissal under Rule 12(b)(4) challenges the process (or

3   'summons') itself, rather than *service* of the process.").  Pursuant to Federal Rule of Civil

4   Procedure 4(a)(1), a summons must:

5          **(A)** name the court and the parties;

6          **(B)** be directed to the defendant;

7          **(C)** state the name and address of the plaintiff's attorney or--if
       unrepresented--of the plaintiff;

8

9          **(D)** state the time within which the defendant must appear and defend;

10         **(E)** notify the defendant that a failure to appear and defend will result in a
       default judgment against the defendant for the relief demanded in the
       complaint;

11

12         **(F)** be signed by the clerk; and

13         **(G)** bear the court's seal.

14  The Ninth Circuit Court of Appeals has stated that "Rule 4 is a flexible rule that should be

15  liberally construed so long as a party receives sufficient notice of the complaint." <u>United Food &</u>

16  <u>Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).  Even

17  "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate

18  actual prejudice." <u>Chan v. Society Expeditions</u>, 39 F.3d 1398, 1404 (9th Cir. 1994).

19         At the outset, defendant does not identify any alleged defect contained in the

20  summons itself.  At most, defendant suggests that the summons is not directed to him.  (Def.'s

21  Memo. at 4.)  However, the summons in this case, which was issued by this court, is clearly

22  directed to "Armando Rios Torres."  (Summons In A Civil Case, Dkt. No. 3.)  Furthermore, the

23  summons complies with all of the other requirements stated in Rule 4(a)(1).  (<u>See</u> <u>id.</u>)

24  Accordingly, defendant's motion to quash and dismiss based on insufficient process is denied on

25  the merits.

26  ////

C.     Defendant Was Properly Served With Process

Defendant also contends that plaintiff effectuated service of process on an individual who was a stranger to defendant, and that service was attempted at an incorrect address.  He argues that although plaintiff knew that defendant's address was "302 South Union Street, Stockton, California 95205," plaintiff attempted to serve defendant at the address for the El Malecon Bar and Grill.

As an initial matter, the undersigned finds that the letters submitted by Karen Cortez and Rodolfo Torres Castro are not evidence upon which the court can rely.  These letters are unsworn and not signed under penalty of perjury as provided for in 28 U.S.C. § 1746(1).  Accordingly, the undersigned does not rely on those letters.

Turning to the applicable legal standards, the Supreme Court has stated that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  However, "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  SEC v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (citation and quotation marks omitted).

Generally, Federal Rule of Civil Procedure 4(e) governs service of an individual within a judicial district of the United States.  It provides that unless otherwise provided by federal law, an individual may be served by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> > **(A)** delivering a copy of the summons and of the complaint to the

8

1    individual personally;

2        **(B)** leaving a copy of each at the individual's dwelling or usual place of
     abode with someone of suitable age and discretion who resides there; or

3

4        **(C)** delivering a copy of each to an agent authorized by appointment or
     by law to receive service of process.

5    Fed. R. Civ. P. 4(e)(1)-(2).

6        Here, plaintiff contends that it personally served defendant with process on

7    December 4, 2010, and filed with the court a proof of service and a detailed affidavit regarding

8    service.  Plaintiff's proof of service is signed under penalty of perjury by plaintiff's process

9    server, and represents that defendant was personally served with the complaint, summons, and

10   other documents in this case at 302 South Union Street, in Stockton, California.  (See Proof of

11   Serv.)  As noted above, there is some ambiguity in the proof of service regarding whether service

12   was personally made on defendant, or was effectuated by substituted service on someone who

13   could accept service on defendant's behalf.  Any ambiguity is quickly resolved by the Simmons

14   Affidavit, however, which provides further details regarding personal service on defendant.  The

15   Simmons Affidavit, also signed under penalty of perjury, declares that Ms. Simmons personally

16   served defendant on December 4, 2010, at 5:58 p.m., and states:

17           I arrived at the business location and the business was closed. I knocked
             on the door and Armando said who is it from behind the locked door. I
18           said "Laurie" and he unlocked and opened the door. I then asked are you
             Armando Rios Torres and he said yes. I said I have court documents for
19           you and he said, "Oh I have been waiting for these, what took you so
             long". I handed the papers to him and he said thank you after taking them
20           from me. Attempt made by: Laura Lee Simmons. Attempt at: 302 South
             Union Street Stockton CA 95295.

21

22   (Simmons Affidavit (capitalization omitted), Ex. 1 to Riley Decl.)  It further declares that

23   "personal service" was made on Armando Rios Torres at 302 South Union Street, in Stockton,

24   California.  (Id.)  In light of the proof of service and Simmons Affidavit, both executed under

25   penalty of perjury, the undersigned concludes that plaintiff has met its burden to demonstrate

26   proper service under Federal Rule of Civil Procedure 4(e)(2)(A).  Defendant has not come

9

1  forward with competent, "strong and convincing evidence" to the contrary.  Accordingly,

2  defendant's Motion to Quash Service and Dismiss the Complaint is denied.

3          As plaintiff points out, defendant might have confused personal service in this

4  action with the service of process effectuated in the matter of J & J Sports Productions, Inc. v.

5  Dulce Torres, No. 2:10-cv-03012 JAM EFB PS (TEMP), wherein service was effectuated on

6  "Rudy Torres" at the El Malecon Bar & Grill on December 4, 2010.  (Riley Decl., Ex. 2.)  The

7  undersigned need not address or speculate whether defendant has some connection with the other

8  matter and might be confused regarding service.  It is enough that plaintiff provided strong

9  evidence that personal service of process was effectuated on defendant, and defendant failed to

10  dispute service with competent evidence.

11          D.      Dismissal Pursuant To Rule 4(m) Is Not Warranted

12          Finally, defendant argues that plaintiff's complaint should be dismissed pursuant

13  to Federal Rule of Civil Procedure 4(m) because plaintiff failed to serve defendant within 120

14  days of the filing of the complaint.  In relevant part, Federal Rule of Civil Procedure 4(m)

15  provides:

16          **(m) Time Limit for Service.**  If a defendant is not served within 120 days
            after the complaint is filed, the court--on motion or on its own after notice
17          to the plaintiff--must dismiss the action without prejudice against that
            defendant or order that service be made within a specified time.  But if the
18          plaintiff shows good cause for the failure, the court must extend the time
            for service for an appropriate period.
19

20          Here, plaintiff filed its complaint on November 9, 2010, and served defendant on

21  December 4, 2010.  (See Compl.; Proof of Serv.; Simmons Affidavit.)  Thus, defendant's

22  argument premised on Rule 4(m) is entirely contingent on the success of defendant's other

23  arguments that either process or service of process was insufficient.  Because the undersigned has

24  already concluded that process and the service of process was proper in this case, defendant's

25  motion for dismissal under Rule 4(m) is denied.

26  ////

III.     <u>CONCLUSION</u>

       For the foregoing reasons, IT IS HEREBY ORDERED that:

       1.    Defendant's Motion to Quash Service and Dismiss the Complaint is submitted on the briefs and record in this case, and the April 28, 2011 hearing on defendant's motion is vacated.

       2.    Defendant's Motion to Quash Service and Dismiss the Complaint (Dkt. No. 17) is denied.

       IT IS SO ORDERED.

DATED:  April 22, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE