IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,      No. 2:10-cv-03009 KJM KJN PS

    v.

ARMANDO RIOS TORRES, INDIVIDUALLY and d/b/a CAVOUR CLUB,

    Defendant.      <u>ORDER</u>

/

On December 15, 2011, plaintiff filed a motion for partial summary judgment in this case and noticed that motion for a hearing to take place on January 19, 2012 (Dkt. No. 31).[1] Plaintiff's motion contains at least two critical and fatal deficiencies that prevent defendant from adequately responding to the motion and preclude the court from reviewing the merits of the motion. First, plaintiff's notice of motion and motion provides absolutely no notice to plaintiff or the court regarding which of plaintiff's claims are the subject of the motion for partial summary judgment. Second, plaintiff failed to file a memorandum of points and authorities in support of the motion. These failures render plaintiff's motion incomprehensible, and the court

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

denies plaintiff's motion without prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for partial summary judgment (Dkt. No. 31) is denied without prejudice.

2. The January 19, 2012 hearing on plaintiff's motion for partial summary judgment is vacated.

IT IS SO ORDERED.

DATED:  December 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that the affidavit of Joseph M. Gagliardi filed in support of plaintiff's motion (Dkt. No. 31, Doc. No. 31-4) is replete with legal and factual argument, requests for relief from the court, and statements that do not appear to be based on Mr. Gagliardi's personal knowledge.  Such use of an affidavit or declaration is inappropriate.  See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); E. Dist. Local Rule 230(h) (stating that "*[f]actual* contentions involved in pretrial motions shall be initially presented and heard upon affidavits" (emphasis added)); see also, e.g., Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (stating that "[c]onclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient") (citation and quotation marks omitted, modification in original); McCoy v. Evans, No. C 09–4768 SI (pr), 2011 WL 3878374, at *13 (N.D. Cal. Sept. 1, 2011) (unpublished) (stating that declarations "must contain only facts of which the declarant has personal knowledge; legal argument and case citations are improper in a declaration.").