IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,                No. 2:10-cv-03009 KJM KJN PS

      v.

ARMANDO RIOS TORRES, INDIVIDUALLY and d/b/a CAVOUR CLUB,

      Defendant.            <u>ORDER</u>

/

      Presently before the court in this satellite and cable signal piracy case is plaintiff's motion for terminating sanctions filed pursuant to Federal Rule of Civil Procedure 37(b)(2) (Dkt. No. 41).[1]  Plaintiff seeks a default judgment against defendant on the ground that defendant allegedly failed to serve amended responses to plaintiff's requests for admission by March 2, 2012, as ordered by the court.  (<u>See</u> Order and Findings and Recommendations, Mar. 6, 2012, Dkt. No. 39.)  It appears that plaintiff's counsel made no attempt to meet and confer with defendant in advance of filing its drastic and potentially dispositive discovery motion.

      Defendant opposes plaintiff's motion and credibly contends that he served

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 amended responses to plaintiff's requests for admission, citing to a sales receipt and certified
2 mail receipt indicating the transmission of a piece of mail by defendant to plaintiff's counsel on
3 March 2, 2012.  (See Torres Decl. ¶ III & Ex. 1, Dkt. No. 42; see also Def.'s Opp'n at 3-4, and 7,
4 Dkt. No. 42.)  Defendant also seeks, through his written opposition, monetary or terminating
5 sanctions against plaintiff for discovery abuses and the filing of an unjustified motion for
6 terminating sanctions.  (See Def.'s Opp'n at 3, 6, and 8.)

7       Late on April 27, 2012, one day after plaintiff's reply brief was due, plaintiff filed
8 a document called "Opposition to Defendant's Counter-Motion for Terminating Sanctions and
9 Reply to Defendant's Opposition to Plaintiff's Motion for Terminating Sanctions" (Dkt. No. 43).
10 Plaintiff's filing: (1) requests that the court not consider defendant's counter-motion for
11 terminating sanctions; (2) concedes that plaintiff's motion for terminating sanctions is "moot,"
12 and all but withdraws the motion in light of the evidence of certified mailing produced by
13 defendant; and (3) attempts to contest, for the first time on reply, the sufficiency of defendant's
14 amended responses as if a motion to compel were actually before the court.

15       The court heard this matter on its law and motion calendar on May 3, 2012.
16 Attorney Lyle Solomon "specially" appeared on behalf of plaintiff's counsel of record, Thomas
17 P. Riley.[2]  Mr. Solomon appears to have played no part in the briefing of plaintiff's motion.
18 Defendant, who is proceeding without counsel, appeared and represented himself.

19       As stated at the hearing, and as essentially conceded in plaintiff's late-filed reply
20 brief, plaintiff's motion for terminating sanctions lacks merit.  Although plaintiff characterizes
21 his motion as "moot," plaintiff's motion simply lacks merit and was filed without any attempt to
22 resolve the matter with defendant before filing.  Accordingly, plaintiff's motion for terminating

---

[2] The court hoped that Mr. Riley would have appeared at the hearing so that the court could provide guidance and admonitions regarding Mr. Riley's increasingly deficient practice before this court, especially given that Mr. Riley frequently appears in this court.  The undersigned conveyed such admonitions to Mr. Solomon with the direction to pass that information along to Mr. Riley.  Mr. Riley should note that the undersigned is disinclined to permit him to appear in future matters through "specially appearing" counsel or by telephone.

sanctions is denied.  Because plaintiff still has not located a copy of the responses at issue, and because the set of responses appended to defendant's opposition brief are unsigned, the court orders defendant to again serve plaintiff, as a courtesy, with signed discovery responses.

The undersigned also summarily denies defendant's counter-motion for terminating sanctions because defendant was not entitled to seek such affirmative relief through his opposition to plaintiff's motion.  Furthermore, the undersigned summarily denies plaintiff's attempt, in its late filed reply brief, to convert its motion for terminating sanctions into a motion to compel that tests the sufficiency of defendant's amended responses to plaintiff's requests for admission.  Such a motion to compel is not properly before the court.  Morever, plaintiff has not met and conferred with defendant about the responses or followed the "joint statement" process for briefing discovery motions as provided in Local Rule 251.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for terminating sanctions (Dkt. No. 41) is denied.

2. On or before May 11, 2012, defendant shall, as a courtesy to plaintiff, serve signed discovery responses on plaintiff.

3. Defendant's counter-motion for terminating sanctions, which was raised in defendant's opposition brief, is denied.

4. To the extent plaintiff attempts to move to compel additional discovery responses by defendant, plaintiff's motion, which was raised in a late-filed reply brief, is denied.

IT IS SO ORDERED.

DATED: May 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE